**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRYANT PAYNE,

    Petitioner,

v.                                                           Case No. 3:11-cv-185-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. No. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition challenges his state court (Duval County) conviction for first degree murder. In ground one, Petitioner asserts that his conviction was obtained in violation of his constitutional rights because his jury was not impartial. Petitioner further alleges that his conviction is not supported by sufficient evidence (claim four). Petitioner also contends that trial counsel rendered ineffective assistance by failing to move for a change of venue (claim two) and by striking African-American jurors and failing to object to the State's peremptory challenge of African-American jurors (claim three). Finally, Petitioner maintains that trial counsel rendered ineffective assistance "by admitence [sic]", by failing to argue for a lesser-included offense, and by failing to inform the jury that Diane Butler ("Butler"), Petitioner's co-defendant, was sentenced to a four-year term of imprisonment (claim five).

Respondents have responded to the Petition. See Response to Habeas Petition (Doc. No. 22) ("Response").[1] Petitioner has replied. See Petitioner's Reply to Response to Petition for Writ of Habeas Corpus (Doc. No. 28) ("Reply"); see also Petitioner's Amended Reply to Response to Petition for Writ of Habeas Corpus (Doc. No. 29) ("Amended Reply"). Thus, the Petition is ripe for review.[2]

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly

---

[1] The Court hereinafter refers to the Exhibits (Doc. No. 26) submitted in support of the Response as "Ex."

[2] Respondents fully set forth the state court procedural history. See Response at 1-2. Thus, the Court will not repeat it.

deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). "By its terms [28 U.S.C. ] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision[3] "was contrary to" federal law then clearly established in the holdings of [the United States Supreme] Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Id. at 785.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 550 U.S. at 473-74. "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## IV.  Applicable Ineffectiveness Law

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective

---

[3] In Harrington, 131 S.Ct. at 785, the Court "h[eld] and reconfirm[ed] that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"

3

standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir.) (citation omitted), cert. denied, 131 S.Ct. 647 (2010).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[4], 556 U.S., at ___, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

## V. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner contends that he was deprived of his right to an impartial jury. See Petition at 7-9. In support of the claim, Petitioner maintains that jurors Robert Akers ("Akers") and Terry Smith ("Smith") indicated their partiality against persons charged with crimes based on answers they provided during voir dire. Id. Respondents contend that this claim is procedurally barred from review because it was not raised in the state court. See Response 22 at 5. In his Reply, Petitioner appears to indicate that ground one is a claim of ineffective assistance of counsel. See Reply at 14 ("Defendant's conviction was obtained in violation of his state and federal right 'effective assistance'"). In his Amended Reply, Petitioner contends that he raised this claim in his Amended Motion for Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure and otherwise has established cause and prejudice to overcome his default. See Amended Reply at 3, 6-8.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S.

---

[4] Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

Petitioner failed to raise a claim of a biased jury in the state court either on direct appeal or in his state post-conviction proceedings. See Ex. D; see also Ex. H at 1-31. It would be futile to dismiss this case to give Petitioner the opportunity to exhaust this claim because it could have and should have been raised on direct appeal. Accordingly, the jury bias claim raised in ground one has been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to application of the fundamental miscarriage of justice exception. Thus, the Court will not address Petitioner's procedurally barred claim of a jury bias raised in ground one.

To the extent Petitioner raised ground one as a claim of ineffective assistance of counsel, the claim is not procedurally barred. In his amended Rule 3.850 motion, Petitioner asserted that counsel rendered ineffective assistance by failing to challenge jurors Akers and Smith based on bias. (Ex. H at 6-10.) The state court did not explicitly address this claim in the order denying Petitioner's Rule 3.850 motion. See Ex. H at 32-48.[5]

The Supreme Court of the United States "held in Harrington v. Richter that a state court decision need not address every argument, nor even explain its reasoning, to be entitled to AEDPA deference as to its ruling on a federal constitutional claim." Lee v. Comm'r, Ala., Dep't of Corr., 726 F.3d 1172, 1211 (11th Cir. 2013) (citing Richter, 131 S. Ct. 770, 784–85 (2011)). Subsequently, the Supreme Court explained that a state court decision is an adjudication "on the merits" and entitled to AEDPA deference when it "addresses some but not all of a defendant's claims." Johnson v. Williams, 133 S. Ct. 1088, 1094 (2013). Therefore, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." Id. at 1096.

In the instant case, Petitioner has not rebutted the presumption that the state court adjudicated on the merits Petitioner's claim of ineffective assistance of counsel for failing to challenge biased jurors. The state court's order denying Petitioner's Rule 3.850 motion was filed on September 23, 2010. See Ex. H at 48. Petitioner's amended Rule 3.850 motion

---

[5] On Petitioner's appeal of the trial court's order denying post-conviction relief, the First District Court of Appeal summarily affirmed. See Ex. J.

was filed on July 13, 2010, before the state court denied post-conviction relief. Id. at 20. While the state court did not address Petitioner's specific claim of juror partiality in its order, the state court did conclude that "[a]ll members of the jury indicated that they could decide the case based only on the evidence presented at trial, and that they would not convict the Defendant if there was reasonable doubt as to guilt." Id. at 34. Thus, the state court's determination is entitled to AEDPA deference.

"Prospective jurors are presumed impartial; the challenger to that presumption bears the burden of proving bias, and a conclusory statement that the jurors were biased is insufficient. To maintain a claim that a biased juror prejudiced him, a petitioner must show that the juror was actually biased against him." Diaz v. Sec'y, Dep't of Corr., No. 00-4815, 2006 WL 3469522, at *4 (S.D. Fla. Sept. 18, 2006) (citing Smith v. Phillips, 455 U.S. 209 (1982)).

Review of the record establishes that juror Akers and Smith were thoroughly questioned during voir dire. Akers indicated that his son had been the victim of a carjacking but said he believed he could be fair and impartial. Ex. C at 43-44, 85. Akers also said that his son had been arrested for DUI and domestic violence. Id. at 93-94. When asked if his son was treated fairly, Akers responded affirmatively and said his son "had it coming." Id. at 94. Likewise, Smith stated that his home was burglarized several years before the trial, but he affirmed that the incident would not impact his ability to serve as a juror. Id. at 44, 85. None of Akers' or Smith's answers demonstrated a bias or partiality toward either party.

8

Furthermore, the trial court instructed the venire that Petitioner was presumed innocent and the State had the burden of proving each material allegation beyond a reasonable doubt. Id. at 56-59.  When questioned by the trial court, none of the potential jurors indicated that they were unable to follow the trial court's instructions. Id. at 59. Moreover, the prosecutor asked the potential jurors whether there was anything that would prevent them from being fair and impartial, and no one responded affirmatively. Id. at 108. Finally, all of the potential jurors indicated that they could keep an open mind and weigh all of the evidence. Id. at 146.

In light of the jurors' representations, the Court cannot conclude that any of the jurors were biased or partial.  Petitioner has not demonstrated that counsel was deficient for failing to strike these jurors or that a reasonable probability exists he would have been acquitted had counsel struck them.  Thus, this Court concludes that the state courts' adjudications of this claim[6] were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Accordingly, claim one is denied pursuant to section 2254(d).

---

[6] As noted previously, when this ineffectiveness claim was raised in state court, the circuit court did not specifically address it; however, the court concluded that all the jurors indicated that they could decide the case based only on the evidence presented at trial, and that they would not convict petitioner if there was reasonable doubt as to guilt. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed.

## B. Ground Two

Petitioner asserts that trial counsel rendered ineffective assistance by failing to move for a change of venue. Petitioner argues that his case was highly publicized in Duval County. Petitioner also notes that two potential jurors admitted they had heard about the case.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to Strickland. (Ex. H at 32-34.) In denying the claim, the state court noted that defense counsel filed a motion to prohibit the public disclosure of Petitioner's confession, which was granted, thereby minimizing some of the possible publicity to the case. Id. at 34. The state court further reasoned that only two of the forty potential jurors indicated they had any prior knowledge of the case and no one who had prior knowledge of the case or who knew any of the parties in the case actually served on the jury. Id.; see also Ex. C at 9-10, 167-72. Finally, the state court reasoned that all of the jurors indicated they could decide the case based solely on the evidence presented at trial. Ex. H at 34.

Pursuant to Florida law,

> [t]he test for determining a change of venue is whether the general state of mind of the inhabitants of a community is so infected by knowledge of the incident and accompanying prejudice, bias, and preconceived opinions that jurors could not possibly put these matters out of their minds in order to try the case solely on the evidence presented in the courtroom. McCaskill v. State, 344 So. 2d 1276, 1278 (Fla. 1977). Thus, trial courts are encouraged to attempt to impanel a jury before ruling on a motion for change of venue because this provides an opportunity to determine through voir dire whether individuals who have not been seriously infected by the publicity can be found.

Armstrong v. State, 862 So. 2d 705, 719 (Fla. 2003).

Upon review of the record and the applicable law, this Court concludes that the state courts' adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Given that only two prospective jurors indicated they had any prior knowledge of the case and they were not seated, counsel had no basis to move for a change of venue. Moreover, Petitioner has failed to establish that prejudice resulted from counsel's failure to move for a change of venue.

The evidence of Petitioner's guilt was overwhelming. Petitioner's brother, Lennard Thompson ("Thompson"), testified that Petitioner asked him to leave Petitioner's house around 6:00 a.m. on the morning of the murder. Ex. C at 374. Thompson said he saw the victim in her car approaching Petitioner's home as he was leaving. Id. at 375. Thompson testified that when he returned to the home later that evening, Petitioner told him the victim was not coming back and that there was a body in the trunk of the victim's vehicle. Id. at 378. Butler (Petitioner's co-defendant) testified that Petitioner told her he choked the victim and that she (Butler) helped him bury the body, which Petitioner had in the trunk of his vehicle. Id. at 448-53. Most importantly, the jury heard Petitioner's confession to police wherein he said he killed the victim, who was his ex-girlfriend and the mother of his daughter, by placing a plastic bag over her head and twisting it around her neck until she stopped moving. Id. at 992-1024. In sum, a reasonable probability does not exist that a motion for change of venue would have been granted or that Petitioner would have been

acquitted had counsel moved for a change of venue. Thus, claim two is denied pursuant to section 2254(d).

### C. Ground Three

Petitioner asserts that trial counsel rendered ineffective assistance by denying him a race-neutral jury. In support of this claim, Petitioner maintains that counsel failed to object to the State's peremptory challenge of one of the five potential African-American jurors. See Petition at 16-17. Petitioner further complains that defense counsel struck potential juror Mobley for no justifiable reason. Id. at 17.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to Strickland. (Ex. H at 37-40.) The state court thoroughly reviewed the individual circumstances of each of the potential jurors and concluded that nothing in the record suggested that any of the potential jurors were excluded based on their race and that Petitioner failed to demonstrate prejudice. Id. at 39-40. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed.

"Although a prosecutor ordinarily is entitled to exercise permitted peremptory challenges 'for any reason at all, as long as that reason is related to his view concerning the outcome' of the case to be tried, . . . the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." Batson v. Kentucky, 476 U.S. 79, 89 (1986) (internal citations omitted). The Court established the following three-step test for evaluating claims of race discrimination in jury selection:

12

> The defendant must first establish a prima facie case by producing evidence sufficient to support the inference that the prosecutor exercised peremptory challenges on the basis of race. Johnson v. California, 545 U.S. 162, 125 S. Ct. 2410, 162 L. Ed.2d 129 (2005); Batson, 476 U.S. at 96, 106 S.Ct. at 1723. The burden then shifts to the State to rebut the defendant's prima facie case by offering race-neutral explanations for its challenges. Batson, 476 U.S. at 97, 106 S. Ct. at 1723. The State's proffered explanation at this stage need not be "persuasive or even plausible . . . the issue is the facial validity of the prosecutor's explanation." Purkett v. Elem, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834 (1995) (internal quotation omitted).
>
> If both sides carry their burdens, it is left to the court to determine whether the defendant has proven purposeful discrimination. Batson, 476 U.S. at 98, 106 S. Ct. at 1724. At this point, "the decisive question will be whether counsel's race-neutral explanation . . . should be believed." Hernandez v. New York, 500 U.S. 352, 365, 111 S. Ct. 1859, 1869, 114 L. Ed.2d 395 (1991) (plurality opinion). This is "a pure issue of fact, subject to review under a deferential standard . . . [and] peculiarly within a trial judge's province." Id. at 364-65, 111 S. Ct. at 1869 (internal quotation omitted).

McNair v. Campbell, 416 F.3d 1291, 1310 (11th Cir. 2005).

In considering a claim of ineffective assistance of counsel for failing to raise a Batson objection, the Eleventh Circuit has recognized that courts may consider if the record reflects whether the State had a valid, race-neutral reason for its challenge. See West v. Sec'y, Dep't of Corr., 151 F. App'x 820, 824 (11th Cir. 2005); see also Miller-El v. Cockrell, 537 U.S. 322, 351 (2003) (concluding prospective juror's brother's convictions for drug offenses was a race-neutral reason for striking the juror); United States v. Alston, 895 F.2d 1362, 1367 (11th Cir. 1990) (determining prior involvement with drug offenses was race-neutral reason for strike). If the record reflects that the State had a race-neutral reason for its challenge, counsel will not be deemed deficient for failing to raise a Batson objection nor can the petitioner demonstrate prejudice. See, e.g., West, 151 F. App'x at 824. Moreover, "[u]nder Batson, almost any plausible reason can satisfy the striking party's burden, as long

13

as the reason is race or gender neutral." United States v. Walker, 490 F.3d 1282, 1293 (11th Cir. 2007). The state court articulated race-neutral reasons for the prosecutor and defense counsel to strike these prospective jurors. Ex. H at 37-40.

Therefore, this Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, ground three is denied pursuant to section 2254(d).

### D. Ground Four

Petitioner asserts that the verdict was not supported by sufficient evidence. Respondents contends that this claim is procedurally barred from review because it was not raised on direct appeal in the state court.

The record establishes that Petitioner failed to raise a sufficiency of the evidence claim on direct appeal. See Ex. D. Petitioner did raise the claim in his Rule 3.850 motion, and the state court determined that the claim was procedurally barred from review. See Ex. H at 45-46. Accordingly, claim four has been procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court will not address Petitioner's procedurally barred claim raised in ground four.[7]

---

[7]The Court notes that even if this claim were not procedurally barred from review, it would be denied as it is amply refuted by the record. See Jackson v. Virginia, 443 U.S. 307 (1979)(

### E. Ground Five

Petitioner asserts that trial counsel was ineffective "by admitence [sic]", by failing to argue for a lesser-included offense, and by failing to inform the jury that Butler received a four-year sentence. With respect to the issue of "admittance," Petitioner maintains that counsel admitted in three pre-trial motions that counsel was ineffective. See Petition at 23.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to Strickland. (Ex. H at 46-48.) The state court determined that counsel did not admit in pretrial motions that Petitioner would receive ineffective assistance of counsel if the motions were not granted. Id. at 47-48. Instead, counsel was merely making a legal argument that certain evidence should be excluded and was not admitting ineffective assistance. Id. The state court further concluded that counsel had no basis to argue Petitioner committed a lesser-included offense because Petitioner testified and denied committing any crime. Id. at 46. Finally, the state court reasoned that Butler was not sentenced until after Petitioner's trial and counsel questioned Butler about her plea deal at trial. Id. at 46-47. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed.

Review of the record establishes that the state courts' adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of

---

in considering a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

the facts in light of the evidence presented in the state court proceedings. Counsel did not admit to being ineffective in the pretrial motions but simply argued that various evidence should be excluded to provide Petitioner with a constitutionally adequate trial.

With respect to counsel's failure to argue that Petitioner committed a lesser-included offense, Petitioner has not demonstrated either deficient performance or prejudice. Petitioner testified at trial that he did not see the victim on the date of the murder and that he did not kill the victim. Ex. C at 1113-16, 1158-59. All of the lesser-included offenses required a finding that Petitioner caused the death of the victim. Id. at 1292-95. Counsel cannot be deemed deficient for failing to argue that Petitioner committed an offense when Petitioner maintained his innocence of any crime. Moreover, even if counsel had argued for a lesser-included offense, no reasonable probability exists that Petitioner would have been convicted of a lesser offense given the substantial evidence against Petitioner.

Finally, the record establishes that Butler was questioned about her plea deal. Id. at 432-33, 487-88. Butler testified that she had not been sentenced at the time of Petitioner's trial, and she admitted she could receive a term of probation or time served pursuant to the plea agreement. Id. at 432-33, 518-19. Counsel, therefore, had no basis on which to inform the jury that Butler had been sentenced to a four-year term of imprisonment nor was Petitioner prejudiced by counsel's failure to do so.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. No. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

16

2. The **Clerk of the Court** shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[8] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk of the Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of March, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to:
OrlP-1 3/20
Counsel of Record
Bryant Payne

---

[8] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, a certificate of appealability is not warranted.